IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSEPH D. GILBERTI | § | |
| #2024-2237 | § | |
| | § | |
| V. | § | A-25-CV-00490-DAE |
| | § | |
| JOSEPH JAMES ROGAN, et al. | § | |

## ORDER OF DISMISSAL

Before the Court is Plaintiff's complaint. Plaintiff seeks leave to proceed in forma pauperis. After consideration of Plaintiff's complaint, Plaintiff is denied leave to proceed *in forma pauperis* and his complaint is dismissed without prejudice.

Under the Prison Litigation Reform Act, a prisoner cannot bring a civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in section 1915(g). Regardless of whether a prisoner proceeds *in forma pauperis* in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious, or for failure to state a claim, the dismissal will count against the prisoner for purposes of the three-dismissal rule.

Plaintiff is currently incarcerated. While incarcerated, Plaintiff has filed at least three civil actions that have been dismissed as frivolous, malicious or for failure to state a claim. *See Gilberti v. Zuckerberg*, No. 2:25-cv-10707 (E.D. Mich.) (summarily dismissed Mar. 18, 2025); *Gilberti v.*

1

*Gates*, No. 1:25-cv-00019 (D. Mont.) (dismissed as frivolous or failure to state a claim Mar. 6, 2025); *Gilberti v. United Nations*, No. 1:24-cv-06083 (S.D.N.Y) (dismissed for failure to state a claim Jan. 13, 2025); *Gilberti v. Trump*, No. 9:24-cv-81065 (S.D. Fla.) (dismissed as frivolous Nov. 19, 2024); *Gilberti v. Yale Univ.*, No. 3:24-cv-01708 (D. Conn.) (dismissed as frivolous Oct. 30, 2024); *Gilberti v. Harvard*, No. 3:24-cv-01714 (D. Conn.) (dismissed as frivolous Oct. 30, 2024); and *Gilberti v. Rubio*, No. 9:24-cv-80850 (S.D. Fla.) (dismissed without prejudice as frivolous Aug. 12, 2024). Therefore, Plaintiff may not file another civil action *in forma pauperis* while incarcerated unless Plaintiff is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's complaint does not meet that standard.

It is therefore **ORDERED** that Plaintiff is **DENIED** leave to proceed *in forma pauperis*, and his complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to the three-dismissal rule of 28 U.S.C. § 1915(g). Plaintiff's complaint may be reinstated only if the full filing fee of $405 is paid simultaneously with the filing of a motion to reinstate within thirty days of the date of this order.

**SIGNED** this 12th day of May 2025.

_____
DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE